IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE M. MOELLER,

    Petitioner,                        No. CIV S-01-2351 FCD JFM P

    vs.

BILL LOCKYER, et al.,

    Respondents.                   ORDER

_____/

    Petitioner is proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] By order filed December 9, 2002, respondents were directed to lodge any and all transcripts or other documents relevant to the determination of the issues presented herein. On February 6, 2003, respondents lodged those portions of the state court record that had not been sealed. Respondents noted in their answer that the transcripts of the *in camera* hearing and the supporting search warrant affidavit remain under seal and were not provided. (Answer at 5, n.2.) These sealed documents are directly related to petitioner's claims herein. In addition, although the police report was referenced in the transcript from the hearing

---

[1] Petitioner's sentence was stayed and he was admitted to bail pending resolution of these habeas corpus proceedings.

1

1 on petitioner's motion to suppress and counsel agreed to make it part of the record, there is no
2 police report in the transcript provided by respondents.[2]

3       Accordingly, counsel for respondents will be directed to obtain these documents
4 from the state court forthwith.  Those documents filed under seal in state court shall also be filed
5 under seal in this court.

6       IT IS HEREBY ORDERED that within twenty days, respondents shall obtain the
7 above documents from the state court record and forward them to the chambers of the
8 undersigned.  The undersigned will then file the sealed state court records under seal in the
9 instant action.

10 DATED: August 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

14 /001; moel2351.fb

---

21   [2] "At the time [petitioner] waived the preliminary hearing we submitted it on the police report and there was a holding.  So I would . . . ask that the preliminary hearing record that incorporated the police report as an exhibit be made part of this motion." (RT 28.)  The court responded that a copy of the police report was not appended to his "copy of the prelim." (RT 28.)  Counsel for petitioner stated she could provide a copy and counsel could agree to make it part of the record. (RT 28.)  The transcript from the hearing where petitioner waived the preliminary hearing refers to a police report, but it is not attached to the transcript. (CT 1-9.)  The court of appeal noted it had augmented its record to include all sealed materials, including the entire search warrant affidavit and the questions defense counsel submitted to the superior court (People v. Moeller, slip op. at 8, appended as Ex. B to Respondents' Answer), but there is no reference to the police report.